Rockingham,
June 6, 1939. } No. 3079.

Emma P. Ross *v.* Dora M. Eaton, *Adm'x.*

*Frederick J. Grady,* and *Burke & Crawshaw* (of Massachusetts), *(Mr. Crawshaw* orally), for the plaintiff.

*Batchelder & Wheeler,* by brief, for the defendant.

*Per Curiam.* The question is answered affirmatively. The Massachusetts law, providing for recovery for injury causing death, includes provisions for payment of the recovery among persons it designates. The local statute (P. L., c. 302, *ss.* 9 *et seq.*) is confined in application to local injuries, in accordance with "the general pre-

sumption that statutes are not intended to have any extra-territorial effect" (*Merrill* v. *Railroad*, 63 N. H. 259, 265). It therefore is not to be construed to prescribe the distribution of the recovery under a foreign statute. The foreign statute by its own terms "confers upon individuals a right to compensation" (*Hill* v. *Railroad*, 77 N. H. 151, 159), and it seems elemental that their rights as thereby prescribed cannot be altered or varied by local legislation.

While, in procedural convenience, the administrator may recover the award in its entirety, it belongs beneficially as the statute ordains. The policy and purpose of a foreign law may not be defeated by the law of the forum. If the latter law permits its enforcement, its provisions may not be thereby and therein modified or changed.

If in the case here an ancillary administrator in Massachusetts had brought suit there and recovered judgment, his duty would be to account to the local administrator for the part of the judgment attributable to conscious suffering. It would belong to the local administrator, and to no one else. The distribution of money received in a settlement without suit must be made on the same basis.

It is an inquiry of fact how much of the recovery is fairly ascribable to conscious suffering. No obstacle to its ascertainment appears to be presented. It is the duty of an administrator to account for assets belonging to the estate. The administratrix here, being the personal beneficiary of the recovery for death, encounters a conflict between her fiduciary duties and her personal interest. In this situation the recovery should be apportioned as a fund made the subject of a bill of interpleader. There is thus no primary burden of proof to apply. It is as much for the defendant to prove how much of the recovery belongs to her beneficially as it is for the plaintiff to show how much of it is an asset for the estate. The issue is of division among opposing claimants. The subsidiary procedure in respect to the order of presenting evidence is to be determined by the trial court, as may there be found to be justly expedient.

*Case discharged.*